UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CARL E. McQUILLON,

                                    Plaintiff(s),

        v.

BANK UNITED OF TEXAS FSB, et al.,

                                    Defendant(s).

Case No.2:25-CV-2484  JCM (NJK)

ORDER

Presently before the court is defendant JPMorgan Chase Bank N.A. ("Chase")'s motion to dismiss.  (ECF No. 4).  Also before the court is defendant Federal Deposit Insurance Corporation ("FDIC")'s motion to dismiss.  (ECF No. 5).  Plaintiff Carl E. McQuillon has not responded.

I.    Background

Plaintiff brought suit against Chase, Washington Mutual Bank ("WaMu"), Bank United of Texas FSB, and FDIC in Nevada's Eighth Judicial District.  (*See* ECF No. 1-1).  Plaintiff appears to bring this action to challenge a claim denial made by the FDIC.

Plaintiff alleges that he holds two $50,000 certificates of deposit—one from 1997 and the other from 1998—which were initially deposited with Bank of United Texas FSB.  (*See id.*).  In 2001, Bank United of Texas FSB was acquired by WaMu.  (ECF No. 5-6 at 2).  On September 25, 2008, the Office of Thrift Supervision declared WaMu insolvent and appointed FDIC as its receiver pursuant to 12 U.S.C. § 1821(c)(5).  (*Id.*).  The FDIC accepted the appointment that same day.  (*Id.*).

After the FDIC was appointed as receiver, the FDIC-R established December 30, 2008, as the last day for claimants to submit to the FDIC-R all claims against WaMu or the receivership.  (*Id.*).  From October 1, 2008, to December 1, 2008, the FDIC-R published several notices that

WaMu was closed and that any claims against it must be filed by December 30, 2008. (*Id.*).

Plaintiff did not file any claims against WaMu until March 25, 2025, when he contacted the FDIC to submit a claim related to the two $50,000 certificates of deposit that are the subject of this lawsuit. (*Id.* at 3). On July 24, 2025, the FDIC-R sent plaintiff a letter informing him that his claims are disallowed as untimely filed. (*Id.*).

Thereafter, plaintiff filed suit in state court. The action was removed to this court on December 13, 2025. (ECF No. 1).

**II.    Legal Standard**

A court must dismiss a plaintiff's complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) permits a party to assert this defense by motion. *Id.* Although the defendant is the moving party in a motion to dismiss brought under rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction and bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006).

**III.    Discussion**

A. Chase's Motion

Chase argues that the court lacks subject matter jurisdiction under the Financial Institutions Reform, Recover, and Enforcement Act of 1989 ("FIRREA"). FIRREA grants authority to the receiver to determine claims and disallow those not satisfactory proven. *See* 12 U.S.C. §§ 1821(d)(3)(A), (d)(5)(D). FIRREA requires all claimants to first file their claims with the receiver. 12 U.S.C. § 1821(d)(5). If a claim is disallowed, the claimant may seek de novo review in federal district court. 12 U.S.C. § 1821(d)(6)(A).

Section 1821(d)(6)(A) provides that, after disallowance, a claimant may file or continue suit only in the United States district court for the district where the institution's principal place of business is located or in the United States District Court for the District of Columbia. Section 1821(d)(6)(B) makes clear that these federal courts are the exclusive forum for such review and

that failure to proceed there eliminates further remedies.  *See* 12 U.S.C. § 1821(d)(6)(B).

WaMu's principal place of business was not in Nevada, and thus, this court lacks jurisdiction over the claims against Chase.

B.  FDIC's Motion

FDIC claims that the court lacks subject matter jurisdiction under the Federal Deposit Insurance Act, as amended by FIRREA.  Under FIRREA, anyone asserting claims against a failed bank of the FDIC as receiver must first exhaust the FDIC's administrative claims process before filing suit.  *See* 12 U.S.C. § 1821(d)(3)–(13); *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211–12 (9th Cir. 2012); *McCarthy v. FDIC*, 348 F.3d 1075, 1080–81 (9th Cir. 2003).

This requirement applies broadly to (i) any claim seeking payment from, or a determination of rights in, the assets of a failed institution, and (ii) any claim relating to acts or omissions of the institution or the FDIC as receiver.  12 U.S.C. §1821(d)(13)(D).

After a bank is placed in receivership, the FDIC must publish notice setting a claims bar date, which cannot be less than 90 days after publication.  *See* 12 U.S.C. § 1821(d)(3)(B).  Claims filed after the bar date are disallowed unless a statutory exception applies.   12 U.S.C § 1821(d)(5)(C).  The FDIC then has 180 days to allow or disallow a timely claim.  *See* 12 U.S.C. § 1821(d)(5)(A).   If the claim is disallowed—or if the FDIC fails to act within 180 days—the claimant has 60 days to file suit in the appropriate federal district court.  *See* supra Section III(A).

Unless and until a claimant exhausts the administrative process, federal courts lack subject matter jurisdiction over the claim.  *See* 12 U.S.C. § 1821(d)(13)(D); *see also Henderson v. Bank of New England*, 986 F.2d 319, 320–21 (9th Cir. 1993); *Intercontinental Travel Mktg. Inc. v. Federal Deposit Insurance Corp.*, 45 F.3d 1278, 1282 (9th Cir. 1994).

Here, the FDIC established a claims bar date of December 30, 2008, for claims involving WaMu.  (*See* ECF No. 5-6).  Plaintiff did not file proof of claim before the bar date and instead waited until 2025 to do so.  (ECF No. 1-1).  Thus, plaintiff is time barred by FIRREA and the court lacks subject matter jurisdiction.

. . .

. . .

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Chase's motion to dismiss (ECF No. 4) be, and the same hereby is, GRANTED with prejudice.

IT IS FURTHER ORDERED that FDIC's motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED with prejudice.

IT IS FURTHER ORDERED that Scott S. Humphreys' motion to for permission to practice pro hac vice (ECF No. 14) is DENIED as moot.

IT IS FURTHER ORDERED that FDIC and WaMu's motion to stay discovery (ECF No. 16) is DENIED as moot.

The clerk of court is instructed to close the case.

DATED February 18, 2026.

_____
UNITED STATES DISTRICT JUDGE